**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:02-930-6 |
| | ) | |
| vs. | ) | |
| | ) | |
| Clarence Burgess, Jr., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On September 23, 2003, the Court sentenced the defendant to 142 months imprisonment for conspiracy to distribute crack cocaine. At sentencing, the government filed, and the Court granted, a motion for downward departure based on the defendant's cooperation up to that point in time.

On March 14, 2005, the defendant filed a motion to compel the government to clarify whether it intends to move for a Rule 35(b) sentence reduction on his behalf. The defendant alleged that he has provided the government with substantial assistance warranting a Rule 35(b) reduction of sentence. The defendant claimed that his assistance has lead to the prosecution of Carlos Lee, Maroon Nesmith, a/k/a "Taboo," Johnny Lee Felders, and Dennis Sutton, among others. The defendant also mentioned his role in the investigation of "Mr. Letts." On June 3, 2005, the government opposed the motion. The government asserted that the defendant's statements did not rise to the level of substantial assistance. The government noted that Seaton Horace Letts is under arrest in Jamaica and has not yet been prosecuted. The government stated that if or when Seaton Horace Letts is extradited to this country, the government may call upon the defendant to testify, at which point his help may be deemed by the government to be

substantial assistance.

On July 6, 2005, the Court denied the defendant's motion, holding that defendant's plea agreement did not contain an unconditional promise to make a motion for downward departure and that the defendant failed to show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective

On September 25, 2006, the defendant filed a motion to request clarification as to whether the government intends to use his testimony at a future trial. The defendant claims that his assistance has lead to the prosecution of Maroon Nesmith and Johnny Lee Felders. The defendant also requests information as to whether the government has extradited Seaton Horace Letts a/k/a "Jingles" so that the petitioner can render further substantial assistance to the government.

For the reasons set forth in the Court's July 6, 2005 order, the Court denies the defendant's motion. First, the defendant's plea agreement did not contain an unconditional promise to make a motion for downward departure; rather, the government agreed to deem whether the defendant's cooperation had been substantial assistance and, if so, to make a downward departure motion. See United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir. 1993). Where the government retains its discretion regarding whether to make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

Second, the defendant's claim that he has provided substantial assistance does not

automatically entitle him to a downward departure. Under these circumstances, the defendant is not entitled to compel the government to file a Rule 35(b) motion on his behalf unless he can show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective. *See* <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). The defendant has failed to do so.

The Court therefore denies the defendant's motion.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 2, 2007
Charleston, South Carolina